[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RESPONSE TO MOTION FOR ARTICULATION AND MEMORANDUM ON CUTPA CLAIM
1. RES JUDICATA
The defendant Magner raised the claim of res judicata to the CT Page 12395 court by argument of counsel. Magner did not present any witnesses concerning the arbitration prior to the court's ruling, but did present to the court the "Demand for Arbitration" dated, October 21, 1988, which was marked defendant's Exhibit 2 for identification. An examination of the demand indicates claims based on breach of contract and breach of covenant not to compete. The issues raised in the case before the court were claims based on conversion, tortious interference with a business expectancy and unjust enrichment. Magner cannot claim res judicata based on the decision of the arbitrators, since the arbitrators' powers were limited to claims arising under the contract and the tort claims, even if raised in the arbitration, would be beyond the scope of the submission, therefore, this court denied Magner's res judicata claim.
2. PREJUDGMENT INTEREST
The jury was instructed in assessing damages to include in their award interest. The jury assessed damages including interest against the defendant Magner in the sum of $1,328,500 (see jury interrogatories 4, 8 and 14). Their award was not broken down as to the amount of interest included in said award. The maximum exposure of the defendant Magner after remittitur is $1,295,963, which is less than the damages award specifically against the defendant Magner. Since the jury indicated that their total award was joint and several, the defendant Magner would be responsible for the total award of $1,295,963. The defendant Magner has failed to produce any credible evidence that the jury intended a lesser award against her.
3. PUNITIVE DAMAGES
The defendant Magner also requests an explanation of the reduced attorney's fee awarded as punitive damages. The attorney's fees were broken down into two elements. The first element consisted of fees testified to by Dr. Fink as having been paid totaling $185,000. The second element consisted of Attorney Lasky's contingency fee agreement of one-third of the recovery in the present action. Based on the remittitur, the gross recovery was $1,295,963. One-third of this amount plus $185,000 equals the attorney's fee awarded — $617,000. The court in setting this fee was mindful of the guidelines appropriate to setting reasonable attorney's fees and deemed the fee set to be consistent with those twelve guidelines. CT Page 12396
4. CUTPA CLAIM
The defendants in this case made threats to Fink that caused him to stop practicing pediatrics and to leave the state. The factual basis for those threats was never substantiated by any disciplinary action. The defendants then appropriated the practice and assets of the plaintiff, Fink, Golenbock, P.C., to their own use without the payment to or approval of the plaintiff. This was done by Stony Hill Pediatrics, P.C., whose sole stockholders were the defendants, subsuming Fink, Golenbock, P.C. This course of action by the defendants was within the concept of unfairness, was oppressive and unscrupulous, and caused substantial injury to Fink, Golenbock, P.C. Thus General Statutes § 42-110b(a) was violated and was the basis of the court's rulings on Magner's CUTPA arguments and my verdict on plaintiff's CUTPA claim.
The foregoing is also my memorandum of decision on the CUTPA claim per Practice Book § 4059(a).
5. CONVERSION AND UNJUST ENRICHMENT CLAIMS
The evidence presented to the jury concerning Magner's involvement with conversion and unjust enrichment was more than that of a passive stockholder of Stony Hill Pediatrics, P.C. She took an active role in the practice of pediatrics with a change of status from employee to joint owner after Stony Hill Pediatrics, P.C. subsumed the assets and good will of Fink, Golenbock, P.C. The court is of the opinion that Magner's personal involvement and personal gain was sufficient to justify the jury finding against her on the conversion and unjust enrichment claims.
Stodolink, J.